**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| True Freight Logistics LLC, et al., | No. CV-18-01472-PHX-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Global Tranz Enterprises Incorporated, et al., | |
| Defendants. | |
| Global Tranz Enterprises Incorporated, | |
| Counterclaimant, | |
| v. | |
| True Freight Logistics, LLC, et. al., | |
| Counter-Defendants. | |

On February 5, 2020, the Court dismissed Counter-Defendant True Freight Logistics LLC's (TFL) Second Amended Complaint for failure to prosecute and failure to comply with the Court's orders directing TFL to obtain counsel. (Doc. 90.) The February 5, 2020 Order also directed Global Tranz Enterprises Incorporated (GlobalTranz) to file a notice indicating how it wanted to proceed on its counterclaims, which it did. (Doc. 91.) Upon consideration of GlobalTranz's Notice, the Court takes the actions set forth in this order.

GlobalTranz has alleged three pending counterclaims: (1) breach of contract against TFL; (2) breach of the implied covenant of good faith and fair dealing against TFL; and

(3) tortious interference with contract against TFL and Joshua Goldstein. Pursuant to Rule 41(a)(2), Fed. R. Civ. P., GlobalTranz seeks to voluntarily dismiss its counterclaim for tortious interference with contract against TFL and Goldstein. GlobalTranz also requests entry of default against TFL on the two remaining counterclaims based on TFL's failure to defend. The Court will grant GlobalTranz's requests.

The Court will dismiss GlobalTranz's counterclaim for tortious interference with contract against TFL and Goldstein without prejudice pursuant to Rule 41(a)(2). Rule 41(a)(2) permits the Court to grant a request for dismissal "on terms the court considers proper." Dismissal without prejudice is appropriate here given that the Court previously dismissed TFL's claims against GlobalTranz without prejudice.

The Court will also direct entry of default pursuant to Rule 55(a), Fed. R. Civ. P., against TFL as to GlobalTranz's remaining counterclaims. Rule 55(a) permits entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."[1] "A corporation's failure to comply with a court order to secure legal counsel has been characterized as a failure to 'otherwise defend' the action pursuant to Rule 55(a)." *First Tech. Capital, Inc. v. Airborne, Inc*., 378 F. Supp. 3d 212, 216 (W.D.N.Y. 2019) (citations omitted).

As discussed in the Court's previous orders, TFL cannot represent itself. The Court advised TFL that failure to obtain counsel could result in entry of default judgment against TFL. Nonetheless, TFL failed to comply with the Court's orders directing it to obtain counsel. "A corporation may not appear pro se, but must retain counsel to avoid default." *Carlone v. Lion & the Bull Films, Inc*., 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)); *see also United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming entry of

---

[1] "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, . . . a district judge also possesses the inherent power to enter a default." *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted).

default judgment where corporate defendant failed to comply with court's orders to retain counsel). Because, the instant record establishes that TFL "is in default for its failure to 'otherwise defend' against" GlobalTranz's counterclaims, *First Tech. Capital, Inc.,* 378 F.Supp.3d at 217, entry of default is appropriate.

Accordingly,

IT IS ORDERED:

1.     GlobalTranz Enterprise, Inc's counterclaim against Joshua Goldstein and True Freight Logistics, LLC for tortious breach of contract is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

2.     The Clerk of Court is directed to enter default against True Freight Logistics LLC as to GlobalTranz Enterprise, Inc.'s remaining counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing.

IT IS FURTHER ORDERED:

1.     GlobalTranz Enterprise Inc. shall file and serve a motion for default judgment no later than thirty (30) days from the filing date of this Order. The motion shall address: (a) procedural history of the action, (b) the default judgment factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986); (c) the legal authority that sets out the elements of the causes of action upon which GlobalTranz seeks default judgment; (d) the legal basis—with specific citations to statutes and case law—for the requested damages claims and any requested attorney's fees, which must be supported by admissible evidence and detailed calculations; (e) any other information necessary for the Court to make a determination as to any issue or damages calculation; and (f) any other matter GlobalTranz deems necessary for resolution of the motion.

//

//

//

//

//

2.     GlobalTranz is advised that failure to file its motion for default judgment by the deadline set forth above may result in dismissal of this action pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute and/or failure to comply with a court order.

Dated this 3rd day of March, 2020.

Honorable Jennifer G. Zipps
United States District Judge