**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| True Freight Logistics LLC, et al., | |
| Plaintiffs, | No. CV-18-01472-PHX-JGZ |
| v. | **ORDER** |
| Global Tranz Enterprises Incorporated, et al., | |
| Defendants. | |
| Global Tranz Enterprises Incorporated, | |
| Counterclaimant, | |
| v. | |
| True Freight Logistics, LLC, et. al., | |
| Counter-Defendants. | |

On March 4, 2020, the Court dismissed True Freight Logistics's (TFL) Second Amended Complaint and entered default against TFL as to GlobalTranz Enterprises Inc.'s (GTE) counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 96). Now pending before the Court is GTE's Motion for Entry of Default Judgment in the amount of $1,016,639.88.[1] (Doc. 100.) TFL did not file a

---

[1] GTE's Motion for Entry of Default requests entry of judgment on the counterclaims asserted in GTE's August 27, 2018 answer to TFL's first amended Complaint. (Doc. 26). On February 12, 2019, however, GTE re-asserted its same counterclaims in its answer to TFL's second amended complaint. (Doc. 43.) The later filing thus contains the operative counterclaims.

response. Upon consideration of GTE's Motion for Default Judgment and supporting exhibits, the Court will grant the motion and enter judgment in favor of GTE in the amount of $1,016,639.88.

**Discussion**

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed.R.Civ.P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Thus, "[w]ith respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true . . . .The district court is not required to make detailed findings of fact."[2] *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted).

Having considered GTE's Motion for Default Judgment, which thoroughly analyzes each of the *Eitel* factors, and having reviewed the well-pled factual allegations of GTE's counterclaims and the record as whole, the Court is convinced that the entry of default judgment against TFL in the amount of $1,016,639.88 is appropriate.

GTE's damages calculation of lost profits in the amount of $1,016,637.88 is supported by the evidence. As noted by GTE, once it has been established that the fact of

---

[2] Additionally, the Court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court concludes that it has subject matter jurisdiction based on diversity as evidenced by the amount in controversy and TFL's assertions in the SAC as to the parties' domicile. The Court finds that it has personal jurisdiction over TFL; TFL contractually agreed to personal jurisdiction in Arizona and, in any event, purposefully availed itself of the benefits and privileges of the laws in Arizona by filing suit. (*See* Doc. 43, p. 20 ¶ 5.)

lost profits was reasonably certain, presentation of a reasonable basis for determining the amount of the probable profits lost is acceptable. *Rancho Pescado*, 140 Ariz. 174, 184, 680 P.2d 1235, 1245 (App. 1984); *Gilmore v. Cohen,* 95 Ariz. 34, 36, 386 P.2d 81, 82 (1963) (explaining that in lost profits cases, there is a "requirement that the plaintiff's evidence provide some basis for estimating his loss."). Based on the affidavit and historical evidence submitted by GTE, it is reasonable to conclude that GTE would have realized the amount $1,014,637.98 in lost profits for the 21 months "that should have been a successful contractual relationship" but for TFL's breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 100, p. 12.) The Court further finds it is appropriate to award GTE $2.00 in nominal damages for TFL's breaches of its confidentiality obligations and conduct concerning "back-solicitation." (Doc. 100, p. 12 n.3 (citing *Edwards v. Anaconda Co*., 115 Ariz. 313, 317, 565 P.2d 190, 194 (App. 1977) (nominal damages are appropriate when party prevailed on breach of contract claim but damages were indefinite and could not be estimated accurately).) Accordingly,

IT IS ORDERED that GlobalTranz Enterprises, Inc.'s Motion For Default Judgment (Doc. 100) is GRANTED. The Clerk of Court is directed to enter default judgment in the amount of $1,016,639.88, in favor of GlobalTranz Enterprises, Inc., and against True Freight Logistics LLC, on Count One and Count Two of GlobalTranz Enterprises' Counterclaims (Doc. 43).

The Clerk of Court is further directed to close the file in this action.

Dated this 28th day of April, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge